UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                 Case No. 8:96-CR-332-T-27MAP

NOLAN NATHANIEL EDWARDS
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Dkt. 235) and the United States' response (Dkt. 238).[1] Defendant's motion is **GRANTED**.[2]

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine base (Count One) and possession of cocaine base with intent to distribute (Count Two) (Dkt. 65). He was sentenced to concurrent life terms (Dkt. 112). A term of supervised release was not imposed. According to the sentencing judge: "Supervised release inapplicable in this case, not eligible for release." (Dkt. 192-1).[3]

Section 404 of the First Step Act, Pub. L. No. 115-391, made retroactive the reduction in

---

[1] Defendant filed a *pro se* Motion for Reduction of Sentence Pursuant to the First Step Act before the Federal Defender was appointed (Dkt. 229). That motion is now moot.

[2] In accordance with this Court's Omnibus Order (Case No. 8:19-mc-10-T-23), the United States Probation Office submitted a memorandum advising that Defendant is eligible for a sentence reduction under the First Step Act (Dkt. 234). Probation correctly determines that retroactive application of the Fair Sentencing Act results in an amended guideline range of 262-327 months, followed by terms of supervised release of 8 years on each count. Probation recommends that Defendant is eligible for a reduced guideline sentence of 262 months or time served, whichever is greater. Probation indicates that Defendant would be eligible for immediate release if his sentence is reduced to 262 months.

[3] The PSR advised the sentencing court that Defendant "faced a mandatory life term of imprisonment without release; therefore, there is no statutory provision for supervised release." (Dkt. 227, ¶ 60). The PSR was incorrect. As U.S. Probation correctly summarizes in its Memorandum, Defendant originally faced a mandatory term of life, followed by 10 years of supervised release under 21 U.S.C. § 841(b)(1)(A) (Dkt. 231). Probation advises that retroactive application of the Fair Sentencing Act results in a reduced statutory penalty of 10 years to life, followed by an 8 year term of supervised release (Id).

1

statutory penalties modified by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Sta. 2372 (2010). *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018).

The First Step Act authorizes a court to "impose a reduced sentence:"

> (b) Defendants Previously Sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.* at 5222. Since the First Step Act expressly authorizes a court to modify a term of imprisonment, it serves as a basis for relief under 18 U.S.C. § 3582(c)(1)(B) ("The court may not modify a term of imprisonment once it has been imposed except that ... the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ").

Defendant's offenses of conviction are "covered offenses," as defined in Section 404 of the First Step Act of 2018, and he is therefore eligible for a reduced sentence. The parties agree that his sentence should be reduced from life to 262 months or time served, whichever is greater, on each count. The only dispute is whether a term of supervised release may be imposed, since a term of supervised release was not imposed originally (Dkt. 95, 112). That dispute is readily resolved.

Retroactive application of the Fair Sentencing Act reduces the statutory penalties Defendant faces, and requires imposition of an 8 year term of supervised release. As the United States correctly asserts, "[t]he First Step Act requires the Court to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.'" (Dkt. 238 at p. 1) (quoting First Step Act of 2018, Pub. L. No. 115-391, § 404(b) (2018)). It follows that if the Fair Sentencing Act had been in effect when Defendant was sentenced, it would have required a sentence of 10 years to life, and "a term of supervised release of at least 8 years in addition to such term of imprisonment." *See* 21 U.S.C. § 841(b)(1)(B).

By its plain language, the First Step Act only authorizes a reduction in a defendant's term of

imprisonment. And Section 3582(c)(1)(B) authorizes a court to "modify an imposed *term of imprisonment* to the extent otherwise expressly permitted by statute ...." (emphasis added).[4]

Notwithstanding, retroactive application of the Fair Sentencing Act requires imposition of a term of supervised release. Moreover, established precedent and statutory authority authorize imposition of a term of supervised release as part of a sentence.

This Circuit recognizes that a term of supervised release is "'a separate part' of, or in addition to, his term of imprisonment.'" *United States v. West*, 898 F.2d 1493, 1504 (11th Cir. 1990). But supervised release is a component of a sentence. *United States v. English*, 589 F.3d 1373, 1376 (11th Cir. 2009) cert. denied 559 U.S. 984 (2010) (". . . [F]ederal policy dictates that the term of a defendant's supervised release is 'an independent part of the defendant's sentence.'" (citation omitted). As the Supreme Court has observed:

> Today, we merely acknowledge that an accused's final sentence includes any supervised release sentence he may receive. Nor in saying that do we say anything new: This Court has already recognized that supervised release punishments arise from and are "treat[ed] ... as part of the penalty for the initial offense." (citation omitted) The defendant receives a term of supervised release thanks to his initial offense, . . . [and] it constitutes a part of the final sentence for his crime.

*United States v. Haymond*, 139 S. Ct. 2369, 2379-80 (2019). Finally, Section 3683(a) "empowers a sentencing court to include a term of supervised release as part of a sentence." *See United States*

---

[4] At least one Circuit has concluded that Section 3582(c)(1)(B) does not authorize a modification or reduction of an imposed term of supervised release. *See United States v. Island*, 336 F. App'x 759, 760-61 (9th Cir. 2009):

> By its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence. Island's contention that the language "term of imprisonment" includes the term of supervised release lacks merit. Though the term of supervised release is part of the sentence, it is not part of the "term of imprisonment." "The term of supervised release commences on the day the person is released from imprisonment ... [and] does not run during any period in which the person is imprisoned ...." 18 U.S.C. § 3624(e).

One of my colleague in the Southern District of Florida has determined, consistent with *Island*, "that Section 3582(c)(1)(B) plainly and unambiguously applies only to terms of imprisonment, not to terms of supervised release" and therefore Section 3582(c)(1)(B) does not authorize a reduction in a term of supervised release. *United States v. Razz*, No. 05-80011-CR, 2019 WL 2554584, at *8 (S.D. Fla. June 21, 2019). That may be accurate. But that is not the question before me. As discussed, retroactive application of the reduced penalties under the Fair Sentencing Act require imposition of a term of supervised release.

*v. Cruz*, 248 F. App'x 76, 76 (11th Cir. 2007).[5]

After considering the factors in 18 U.S. C. § 3553(a), including Defendant's conduct while in prison, and the intent of his original sentence, his sentences on Counts One and Two are reduced to 262 months, concurrent, or time served, whichever is greater, followed by concurrent 8 year terms of supervised release, subject to the standard conditions of supervised release adopted in this district.[6] The mandatory drug testing requirements of the Violent Crime Control Act are imposed.

Defendant's request for a plenary hearing is denied, as his request to be present. Rule 43(b), Fed.R.Crim.P. expressly provides that a defendant "need not be present" when his sentence is reduced under 18 U.S.C. § 3582(c). Defendant's *pro se* Motion for Reduction of Sentence Pursuant to the First Step Act (Dkt. 229) is **DENIED as moot**.

**DONE AND ORDERED** this 16th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant; Counsel of Record; U.S. Probation; M. Rossignol, Case Manager at FCC Coleman (via fax and U.S. mail)

---

[5] 18 U.S.C. § 3683(a) provides:

In general.--The court, in imposing a sentence to a term of imprisonment for a felony . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, *except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute . . . .* (emphasis added).

[6] The importance of providing structured transition via supervised release to one like Defendant who has served a significant prison sentence cannot be overstated. Supervised release will assist him in making a successful reentry into society. *Cf. United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life . . ."). As the Supreme Court has recognized, supervised release was implemented "to encourage rehabilitation after the completion of [a defendant's] prison term." *Haymond*, 139 S. Ct. at 2382 (citation omitted).